UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**Charles**                                                        Civil Action No. 6:10-cv-01726

**versus**                                                         Judge Tucker L. Melançon

**Towing and Recovery Professionals**          Magistrate Judge Patrick J. Hanna
 **of Louisiana Inc.,et al**

MEMORANDUM RULING AND ORDER

Before the Court is Plaintiff's Motion To Remand And Abstain filed by plaintiff, Raymond Charles, Sr., [Rec. Doc. 5], defendant's, Towing and Recovery Professionals of Louisiana Trust ("TRPLT")[1], Opposition thereto [Rec. Doc. 11], and plaintiff's Reply [Rec. Doc. 14]. For the reasons that follow, the Court will grant plaintiff's motion.

*I. BACKGROUND*

Plaintiff, Raymond Charles, Sr., filed this action in the Fifteenth Judicial District Court on September 7, 2007 for alleged injuries and economic damages he sustained in a vehicular accident in Lafayette, Louisiana on September 14, 2006. *R. 5, Exh. A, Petition*. Plaintiff alleges that Seville J. Viator was in the course and scope of his employment for J.C.'s Wrecker Service, Inc. ("J.C.'s Wrecker Service") when he struck plaintiff's vehicle from the rear in a 2003 International truck. *Id.* Plaintiff names as defendants Viator, J.C.'s

---

[1] Plaintiff amended its Petition on November 6, 2007, to replace "Towing And Recovery Professionals Of Louisiana, Inc." with "Towing And Recovery Professionals Of Louisiana Trust."

Wrecker Service and TRPLT as the insurer of J.C.'s Wrecker Service.[2] *Id.* TRPLT filed for bankruptcy on May 17, 2010. On November 15, 2010, TRPLT filed a Notice of Removal of the action to this Court pursuant to 28 U.S.C. §1452. *R. 1.*

In its motion to remand, plaintiff contends that TRPLT filed its Notice of Removal more than thirty (30) days after filing bankruptcy, and therefore the removal is untimely. *R. 5.* In the alternative, plaintiff contends that this action should be equitably remanded and the Court permissively abstain from hearing the case, pursuant to 28 U.S.C. §1452(b) because this personal injury claim is not a "core proceeding" as TRPLT asserts in its Notice of Removal, but rather is only a "related case" to the bankruptcy proceeding. *Id.* Plaintiff requests costs and attorney's fees expended in filing this motion. *Id.* In its opposition memorandum, TRPLT concedes that plaintiff is entitled to relief with regard to abstention by the Court and that "it inadvertently stated in its Notice of Removal that this matter was a "core proceeding" when it is in fact a "related case", but denies that this matter was improperly or untimely removed. *R. 11.*

### III. LAW AND ARGUMENT

A defendant may remove a civil action filed in state court if it is at least related to a bankruptcy case. See 28 U.S.C. §§ 1334, 1452(a). "The removing party bears the burden of establishing that federal jurisdiction exists" at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); *see also Allen v. R & H Oil & Gas Co.*,

---

[2] In its motion, plaintiff represents that "[i]n lieu of insurance, J.C.'s Wrecker Service, Inc. was a member of a 'Towing and Recovery Professionals of Louisiana Trust.'" *R. 5.*

63 F.3d 1326, 1335 (5th Cir.1995) ("[T]he jurisdictional facts that support removal must be judged at the time of removal...."). A district court must act on a timely motion to remand based on a defect in removal procedure. 28 U.S.C. § 1447(c); *see also Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993).

Plaintiff contends that TRPLT's removal to this Court was untimely under 28 U.S.C. § 1446 because it was more that 30 days after removal. 28 U.S.C. § 1446(b) provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The record establishes that TRPLT filed its Petition for Relief under chapter 11 of the Bankruptcy Code on May 17, 2010. Almost 180 days later, on November 15, 2010, TRPLT filed a Notice of Removal removing the case to this Court. Under 28 U.S.C. § 1446(b), TRPLT's removal after 180 days was untimely. However, "a number of district and bankruptcy courts have concluded that the timeliness of a § 1452 removal is determined by Federal Rule of Bankruptcy Procedure 9027 and not 28 U.S.C. § 1446(b)."[3] *Nase v. TECO Energy, Inc.*, 2010 WL 924290, 2 (E.D.La.,2010)(J. Vance);

---

[3] "See, e.g., *Everett v. Friedman's Inc.*, 329 B.R. 40, 42 (S.D.Miss.2005); *Thomson v. Able Supply Co.*, 179 F.Supp.2d 693, 696 n. 6 (W.D.Tex.2002); *GLS of ILL, LLC v. Pitt Penn Oil Co., LLC*, 2009 WL 1691815, at *2 (W.D.Pa. June 17, 2009); *In re Boyer*, 108 B.R. 19, 24 (Bankr.N.D.N.Y.1988). No circuit court appears to have determined whether the removal period in Rule 9027 or section 1446(b) governs in the event of a conflict. *See Christo v. Padgett*, 223

*but see, Kim Susan, Inc. v. Service Marine Industries, Inc.*, 1999 WL 689989 (E.D.La.1999) (the court held that Rule 9027 is applicable when a case is removed to Bankruptcy Court, and therefore, applied 28 U.S.C. § 1446 to determine the timeliness of a Notice of Removal for a case related to a pending bankruptcy proceeding). Rule 9027 provides that if a civil action is pending when a bankruptcy case is commenced, notice of removal must be filed within 90 days after the order for relief in the bankruptcy case. Fed. R. Bankr.P. 9027(a)(2). To the extent Rule 9027(a)(2) applies to this case, TRPLT's notice of removal is still untimely on its face because it was filed over 180 days after TRPLT filed for bankruptcy.

    TRPLT asserts that removal is timely because, on September 15, 2010, the Bankruptcy Court entered an order, "[P-189]" which extended the time period within which TRPLT could remove cases to federal court.  The record reveals that TRPLT has not attached any such order to its Opposition, *R. 11*, nor to the Notice of Removal, *R. 1*. Moreover, TRPLT does not explain the circumstances surrounding the Bankruptcy Court allegedly entering such an order almost 120 days after the initial filing of bankruptcy. The Court finds that TRPLT's removal of this case was untimely under either 28 U.S.C. § 1446 or Rule 9027, and therefore, this case should be remanded to the state court in which it was filed.

    Even assuming *arguendo* that TRPLT's removal of this action was timely, which it was not, the Court finds that this action should be equitably remanded pursuant to 28

---

F.3d 1324, 1331 n. 6 (11th Cir.2000) (declining to decide issue)." *Id. at FN 3.*

U.S.C. § 1452(b). A federal district court may remand an action removed under 28 U.S.C. § 1452 "on any equitable ground." 28 U.S.C. § 1452(b). A district court has similarly broad discretion to permissively abstain from hearing bankruptcy-related proceedings "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); *In re Gober*, 100 F.3d 1195, 1206 (5th Cir.1996). Furthermore, a district court must abstain from hearing a state court action if it is merely related to a bankruptcy case, could not have been commenced in federal court in the absence of bankruptcy jurisdiction, and could be timely adjudicated in a state forum. *See* 28 U.S.C. § 1334(c)(2). The Court finds that equitable remand and permissive abstention are appropriate in this case pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b)

In determining whether equitable remand and permissive abstention are appropriate, the Court considers the following factors: (1) forum non conveniens; (2) a preference for a bifurcated action to be tried in the same court; (3) whether the state court is better able to respond to questions involving state law; (4) expertise of the court; (5) duplicative and uneconomic effort of judicial resources; (6) prejudice to the involuntarily removed parties; (7) comity; (8) a lessened possibility of an inconsistent result; (9) the presence in the proceeding of nondebtor parties; (10) the absence of any basis for jurisdiction other than section 1334; (11) the predominance of state law issues; (12) the degree of relatedness of the proceeding to the bankruptcy case; and (13) the likelihood of forum shopping. *See, e.g., Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984); *Orion Refining Corp. v. Fluor Enters., Inc.*, 319 B.R. 480, 488 (E.D.La.2004);

*Nase v. TECO Energy, Inc.*, 2010 WL 924290, 4(E.D.La.,2010)(J. Vance). Of the factors that apply to this case, all dictate remanding this action to state court.

First, the other parties in this action are not involved in TRPLT's bankruptcy case which is in the Middle District of Louisiana. Second, this action relates only tangentially to TRPLT's bankruptcy case. This action is not a core proceeding, and the substantive claims have nothing whatever to do with bankruptcy laws or the bankruptcy court. Third, TRPLT' s attempt to remove this action more than 6 months after filing for bankruptcy and after a trial date was set in the state court proceeding suggests forum shopping. Fourth, because this action has been pending in Louisiana state court for approximately four years and is now close to trial, removal would significantly prejudice plaintiffs. Removal at this late stage would also ignore the substantial efforts of the Louisiana state court in bringing this case to trial and result in much wasted time and effort. Fifth, there is little federal interest in trying plaintiff's nondiverse, state law, personal injury claims in federal court.

For the foregoing reasons, the Court finds that TRPLT's removal of this case was untimely under either 28 U.S.C. § 1446 or Rule 9027 and, even if removal were timely, it is appropriate to equitably remand this action pursuant to 28 U.S.C. § 1452(b), and to permissively abstain from further proceedings on this action pursuant to 28 U.S.C. § 1334(c)(1). The Court will grant plaintiff's request for expenses and attorney's fees in filing this motion pursuant to 28 U.S.C. § 1447. Accordingly, it is

**ORDERED** that plaintiff's Motion To Remand [Rec. Doc. 20] is **GRANTED**

and this action is hereby **REMANDED** to the Fifteenth Judicial District for the Parish of Lafayette, State of Louisiana.

**IT IS FURTHER ORDERED** that the Clerk of this Court mail a certified copy of this Order of Remand to the Clerk of Court for the Fifteenth Judicial District, Parish of Lafayette, State of Louisiana.

**IT IS FURTHER ORDERED** that this matter is referred to the United States Magistrate Judge assigned to this case to calculate reasonable attorney's fees under the "Lodestar method" applying the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

THUS DONE AND SIGNED at Lafayette, Louisiana this 17th day of February, 2011.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE