## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| RAYMOND CHARLES, SR. | CIVIL ACTION NO. 10-1726 |
| VERSUS | JUDGE MELANÇON |
| SEVILLE J. VIATOR, ET AL | MAGISTRATE JUDGE HANNA |

### *RULING*

Before the court is plaintiff's motion for attorney's fees, which was granted by the District Judge and referred to the undersigned for calculation of a reasonable attorney's fee under the lodestar method applying the factors set forth in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974). [1]

### *Background*

Defendant Towing Recovery Professionals of Louisiana Trust (TRPLT) removed this matter to federal court and plaintiff filed a Motion to Remand and Abstain[2] arguing, *inter alia*, the removal was untimely pursuant to 28 U.S.C. §1446(b). In his motion, plaintiff asked for expenses and attorney's fees incurred in filing the motion to remand pursuant to 28 U.S.C. § 1447(c) in the amount of $3,900.00.[3] Defendant filed an opposition to the motion to remand and to the request for attorney's fees, but did not

---

[1]*Memorandum Ruling and Order* (Rec. Doc. 15).

[2]See Rec. Doc. 5.

[3]*Plaintiff's Memorandum in Support of Motion to Remand and Abstain* (Rec. Doc. 5-1), p. 9.

1

oppose the motion to abstain.[4]  Plaintiff filed a reply, and asked for an award of additional attorney's fees incurred in doing so in the amount of $1,050.00.[5]   Thus plaintiff requests a total fee award of $4,950.00.

### *Applicable Law and Discussion*

Utilizing the "lodestar" method, as a starting point reasonable attorney's fees are initially determined by multiplying the reasonable hours expended by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended.  League of United Latin American Citizens No. 4552 (LULAC) v. Roscoe Independent School Dist., 119 F.3d 1228, 1232 (5th Cir. 1997).  A reasonable hourly rate is based on the "prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. See Hensley, 461 U.S. at 434. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson, 488 F.2d at 717-19 (5th Cir.1974). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and

---

[4]*Memorandum in Opposition (Limited) to Motion to Remand and Abstain (Rec. Doc. 11).*

[5]*Plaintiff's Reply to Defendant's Opposition to Remand (Rec. Doc. 14), p. 14.*

difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.   However, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."  Hensley, 416 U.S. at 434, FN9, referencing Copeland v. Marshall, 641 F.2d 880, 890 (C.A.D.C. 1980)(en banc).  "The heavy burden of proving entitlement to such an adjustment [up or down based on the Johnson factors] is on the moving party."  Graves v. Barnes, 700 F.2d 220, 223 (5th Cir. 1983).

Plaintiff has submitted two affidavits in support of his motion for attorney's fees. One affidavit is for attorney's fees incurred in filing the motion to remand and abstain and one is for attorney's fees incurred in filing a reply to defendant's opposition to the motion to remand.[6]  In the first affidavit, plaintiff claims the following sums:

Bennett Boyd Anderson, Jr.          2 hours at $500.00 per hour
Michael V. Ardoin (associate)    14.5 hours at $200.00 per hour

In the second affidavit, plaintiff claims the following sums:

_____

[6]See Affidavit (Rec. Doc. 5-4) and Affidavit (Rec. Doc. 14-6).

Bennett Boyd Anderson, Jr.          0.5 hours at $500.00 per hour
Michael V. Ardoin (associate)       4.0 hours at $200.00 per hour

While defendant opposed the request for attorney's fees sought in connection with the motion, arguing the matter was properly removed, defendant did not specifically object to the number of hours nor the hourly fees on the affidavit.[7]  Moreover, neither plaintiff nor defendant asserted any special factors meriting adjustment upwards or downwards from the "lodestar" under the factors of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974).

The undersigned has reviewed the motion to remand and abstain and the reply filed by plaintiff and find the total time expended, 21 hours, reasonably required to perform legal research, write, and file the motion and the reply.  However, the undersigned finds the hourly rates charged are not reasonable given prevailing market rates in the Lafayette area.[8]  Irrespective of each lawyer's individual hourly billing rate, the undersigned finds a reasonable hourly billable rate for the legal work performed is $150.00 per hour.  Therefore, the undersigned finds a reasonable total fee would be 21 hours billable at $150.00 per hour for a total fee award of $3,150.00.

### *Conclusion*

---

[7]*Memorandum in Opposition (Limited) to Motion to Remand and Abstain* (Rec. Doc. 11), p. 2, 3.

[8]See Deoliveira v. Chevron USA, Inc., 2007 WL 2407242 (W.D.La. 2007)(not reported); Fietz v. Southland National Ins. Co., 2007 WL 1469433 (W.D.La.2007)(not reported);  the EAJA social security reasonable fee rate has recently been raised to $150 per hour.  See Wilks v. Astrue, 2009 WL 1788596 (W.D.La. 2009)(slip copy).

4

For the reasons given above,

**IT IS ORDERED** that plaintiff's motion for attorney's fees is **GRANTED IN PART AND DENIED IN PART** as follows:

1).     Defendant Towing Recovery Professionals of Louisiana Trust shall pay $3,150.00 to plaintiff within 14 days of the date of this Order;

2).     All other requested relief is **DENIED**.

Lafayette, Louisiana, this 23rd  day of March, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)